UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

ALLSTATE INSURANCE COMPANY And/Or
ALLSTATE INDEMNITY INSURANCE COMPANY
A/S/O GREGORY CAWLEY AND KIMBERLY
CAWLEY

and

GREGORY CAWLEY AND KIMBERLY CAWLEY,
Individually,

     Plaintiffs,

     v.

WHIRLPOOL CORPORATION,

     Defendant.

---------------------------------------------------------------x

Case No. 10-CV-5744

**ANSWER OF WHIRLPOOL CORPORATION**

    Defendant Whirlpool Corporation ("Whirlpool"), by its attorneys, Leader & Berkon LLP, as and for its Answer to Plaintiffs' Complaint ("Complaint"), responds as follows:

## PARTIES

    1.  Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

    2.  Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

    3.  Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4. Whirlpool admits that it is incorporated under the laws of the State of Delaware and that its principal place of business is located in Benton Harbor, Michigan and, except as so admitted, denies the allegations of Paragraph 4 of the Complaint.

5. In response to the allegations contained in Paragraph 5 of the Complaint, Whirlpool admits that it does business within the State of New York, derives revenue from its business within the State of New York, and performs business activities within the State of New York and, except as so admitted, denies the allegations of Paragraph 5 of the Complaint.

6. Whirlpool denies the allegations of Paragraph 6 of the Complaint.

## BACKGROUND

7. Whirlpool denies the allegations of Paragraph 7 of the Complaint.

8. Whirlpool denies the allegations of Paragraph 8 of the Complaint.

9. Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT WHIRLPOOL

11. In response to the allegations in Paragraph 11 of the Complaint, Whirlpool repeats and realleges its answers to the allegations in Paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. Whirlpool denies the allegations of Paragraph 12 of the Complaint.

13. Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Whirlpool denies the allegations of Paragraph 14 of the Complaint.

15. Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16. Whirlpool denies the allegations of Paragraph 16 of the Complaint.

17. Whirlpool denies the allegations of Paragraph 17 of the Complaint.

18. Whirlpool denies the allegations of Paragraph 18 of the Complaint.

19. Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT WHIRLPOOL

20. In response to the allegations in Paragraph 20 of the Complaint, Whirlpool repeats and realleges its answers to the allegations in Paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. Whirlpool denies the allegations of Paragraph 21 of the Complaint.

22. Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23. Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24. Whirlpool denies the allegations of Paragraph 24 of the Complaint.

25. Whirlpool denies the allegations of Paragraph 25 of the Complaint.

26. Whirlpool denies the allegations of Paragraph 26 of the Complaint.

27. Whirlpool denies the allegations of Paragraph 27 of the Complaint.

28. Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT WHIRLPOOL

29. In response to the allegations in Paragraph 29 of the Complaint, Whirlpool repeats and realleges its answers to the allegations in Paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30. Whirlpool denies the allegations of Paragraph 30 of the Complaint.

31. Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint.

32. Whirlpool denies the allegations of Paragraph 32 of the Complaint.

33. Whirlpool denies the allegations of Paragraph 33 of the Complaint.

34. Whirlpool denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

35. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

36. No products, acts, or omissions by Whirlpool proximately caused the incident alleged in the Complaint.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

37. Plaintiffs' damages, if any, were caused in whole or in part by the culpable conduct attributable to Gregory Cawley and Kimberly Cawley (collectively, "Subrogors"), including, but not limited to their contributory negligence and assumption

of risk.  In the event that Plaintiffs are entitled to recovery, the amount of damages should be diminished in proportion to the culpable conduct attributable to Subrogors.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

38. Plaintiffs' alleged damages, if any, were caused in whole or in part by independent intervening causes and events, or by the culpable conduct, defective products, acts and/or omissions of third persons over whom and over which Whirlpool had no control or right to control.

## AS AND FOR A
## FIFTH AFFIRMATIVE DEFENSE

39. Plaintiffs' damages, if any, were proximately caused by the subsequent misuse or abuse of the alleged product.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

40. Plaintiffs' damages, if any, were caused, in whole or in part, by the alteration, modification, or change of the product subsequent to the time it left the manufacturer's possession or control.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

41. Upon information and belief, Plaintiffs and/or Subrogors failed to mitigate or otherwise lessen or reduce the injury and damage, if any, allegedly resulting from the incident complained of in the Complaint.

## AS AND FOR A
## EIGHTH AFFIRMATIVE DEFENSE

42. Plaintiffs' claims are barred or reduced due to Plaintiffs' failure to join necessary and indispensable parties.

## AS AND FOR A
## NINTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations, the doctrines of laches, waiver, and estoppel.

## AS AND FOR A
## TENTH AFFIRMATIVE DEFENSE

44. Plaintiffs' claims are barred, in whole or in part, by the terms, conditions and limitations of any applicable warranties, disclaimers, or instructions pursuant to which the product was sold.

## AS AND FOR A
## ELEVENTH AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred, in whole or in part, because any Whirlpool product involved in the incident alleged in the Complaint was manufactured, sold or distributed in conformity with the generally recognized state-of-the-art and/or in conformity with the prevailing industry standards at the time.

## AS AND FOR A
## TWELFTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred, in whole or in part, because no products, acts or omissions of Whirlpool proximately caused the damages sought in this matter.

## AS AND FOR A
## THIRTEENTH AFFIRMATIVE DEFENSE

47.     Plaintiffs' claims are barred, in whole or in part, because the product involved in the incident alleged in the Complaint was not defective or unreasonably dangerous and was not the actual or proximate cause of Plaintiffs' alleged damages.

## AS AND FOR A
## FOURTEENTH AFFIRMATIVE DEFENSE

48.     Plaintiffs' claims are barred, in whole or in part, because the product involved in the incident alleged in the Complaint complied with all applicable federal and state regulations and/or requirements concerning its manufacture and sale.

## AS AND FOR A
## FIFTEENTH AFFIRMATIVE DEFENSE

46.     Whirlpool reserves the right to raise and plead additional defenses and/or affirmative defenses which might become known during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by a good faith reliance upon either the facts or the law, or a nonfrivolous argument for extension, modification or reversal of existing law or the establishment of new law.

**WHEREFORE**, Defendant Whirlpool Corporation demands judgment dismissing the Complaint, awarding costs and disbursements in connection with this action, and awarding such further relief as this Court deems just and proper.

Dated:   New York, New York
         August 5, 2010

                                             LEADER & BERKON LLP


                                        By:  /s/
                                             GLEN SILVERSTEIN (GS 9174)
                                             STEPHANIE L. GASE
                                             630 Third Avenue
                                             New York, NY  10017
                                             Telephone:  (212) 486-2400
                                             Facsimile:   (212) 486-3099
                                             Email: gsilverstein@leaderberkon.com

                                             *Attorneys for Defendant*
                                             *Whirlpool Corporation*


TO:   Kenneth B. Grear, Esq.
      Kenneth B. Grear, Ltd.
      255 West 36th Street, Suite 800
      New York, New York 10001

      *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ALLSTATE INSURANCE COMPANY And/Or
ALLSTATE INDEMNITY INSURANCE COMPANY
A/S/O GREGORY CAWLEY AND KIMBERLY
CAWLEY

and

GREGORY CAWLEY AND KIMBERLY CAWLEY,
Individually,

        Plaintiffs,

        v.

WHIRLPOOL CORPORATION,

        Defendant.

------------------------------------------------------------x

Case No. 10-CV-5744

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 5, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

>  Kenneth B. Grear, Esq.
>  Kenneth B. Grear, Ltd.
>  255 West 36th Street, Suite 800
>  New York, New York 10001
>  *Attorneys for Plaintiffs*

        LEADER & BERKON LLP

        By:   /s/ _____
        GLEN SILVERSTEIN (GS 9174)
        STEPHANIE L. GASE
        630 Third Avenue
        New York, NY  10017
        Telephone:  (212) 486-2400

Facsimile:   (212) 486-3099
Email: gsilverstein@leaderberkon.com

*Attorneys for Defendant*
*Whirlpool Corporation*